UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael A. Bondi,                                      Case No. 16-cv-1282 (PAM/BRT)

           Plaintiff,

v.                                             **MEMORANDUM AND ORDER**

Great Southern Bank,
Experian Information Solutions,
Inc., and Evans & Green LLP,

           Defendants.

---

This matter is before the Court on Defendant Great Southern Bank's Motion to Dismiss. For the following reasons, the Motion is denied.

**BACKGROUND**

Defendant Great Southern Bank ("GSB") financed Plaintiff Michael Bondi's purchase of his home. When Bondi defaulted on the mortgage, he and GSB agreed that Bondi would pay GSB a quarter of the outstanding debt to fully settle the account. Bondi made the payments to GSB's attorneys, who are also Defendants here. In August 2015, Bondi received a letter from the attorneys that the debt had been paid off. (Am. Compl. (Docket No. 19) Ex. 2.)

Bondi contacted credit agencies in January 2016 to ask why they were still reporting that he had an outstanding balance with GSB. (Id. ¶ 38.) The credit agencies in turn contacted GSB, which reported back to the agencies that Bondi had a balance of more than $54,000 and that he had not made a payment since January 1, 2012. (Id. ¶ 42.)

Bondi alleges that this information was "false, misleading and inaccurate," and that GSB did not conduct a reasonable investigation into the dispute. (Id. ¶¶ 42, 48.) According to Bondi, there is evidence that GSB knew that the information it provided to the credit agencies was inaccurate at the time it provided that information. (Id. ¶ 49.) GSB did not correct the information it provided to the credit agencies until May 2016. (Id. ¶ 53.)

Bondi alleges that GSB violated the Fair Credit Reporting Act ("FCRA") in failing to reasonably investigate his dispute with the credit agencies and failing to update or remove the inaccurate information from Bondi's credit report. He claims that GSB's violations of the FCRA caused damage to his credit rating and restricted his access to banking services, and caused him "great frustration, humiliation, out-of-pocket losses, and mental anguish." (Id. ¶¶ 53-54.) Because it took GSB five months to correct Bondi's credit report, he was unable to refinance his mortgage to remove his in-laws as co-signors. (Id. ¶ 55.) Bondi seeks both actual damages and statutory damages, and attorney's fees.

GSB seeks a dismissal of Bondi's claim, asserting that because Bondi did not make payments directly to GSB as the settlement agreement ostensibly required, GSB had no record of those payments and thus did not violate the FCRA in communicating Bondi's failure to pay to the credit-reporting agencies.

**DISCUSSION**

When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the Complaint to be true and construes all reasonable inferences from those facts in the light most favorable to Bondi. Morton v. Becker, 793 F.2d 185, 187 (8th Cir.

1986).  However, the Court need not accept as true wholly conclusory allegations, Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions that Bondi draws from the facts pled.  Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007).  Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level."  Id. at 555.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).  In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]."  Twombly, 550 U.S. at 556.

**A.    The FCRA**

The FCRA provides a private cause of action against a furnisher of information to credit-reporting agencies only if the furnisher has notice that the data is inaccurate and fails to undertake a reasonable investigation after receiving the notice.  According to GSB, Bondi's allegations fail to state a claim under the FCRA for a multitude of reasons.

First, GSB argues that only a factual inaccuracy is actionable under the FCRA.  According to GSB, Bondi failed to allege how GSB's statement to the credit agencies was inaccurate:  was it inaccurate because Bondi paid the debt in full or because he settled the debt in full?  GSB argues that whether Bondi settled the debt is a legal

3

question that cannot be the subject of a claim under the FCRA, and thus that Bondi's failure to specifically plead the exact inaccuracy is fatal to his claims.

But this hair-splitting is unwarranted here. There is no dispute that Bondi fully complied with the monetary terms of the settlement agreement, and indeed GSB's attorneys told Bondi that he had satisfied the debt in full. For GSB to argue that Bondi's alleged failure to comply with the technical terms of the settlement agreement somehow means that his FCRA claim involves a legal statement rather than a factual one is legal and semantic gymnastics.

Moreover, this argument depends on consideration of the terms of the settlement agreement, which is not included as part of Bondi's Complaint. Bondi has pled the requisite inaccuracy in GSB's statements to the credit-reporting agencies. Proving that the underlying inaccuracy was legal, not factual, involves an evaluation of the terms of the settlement agreement. Such an evaluation is not appropriate on a motion to dismiss.

GSB also points to Bondi's statement in the Amended Complaint that GSB and its law firm did not reject his payments for alleged violations of the settlement agreement. According to GSB, this statement shows that Bondi's claim is in fact a breach-of-contract claim, not a claim under the FCRA. But again, this argument requires reference to the settlement agreement, which is outside the pleadings.

Next, GSB asserts that Bondi failed to allege that GSB did not conduct a reasonable investigation. As GSB characterizes his allegations, Bondi merely alleges that GSB provided inaccurate information, and the provision of inaccurate information is not, standing alone, actionable under the FCRA. But Bondi also contends that GSB knew at

4

the time it communicated to the credit-reporting agencies that Bondi had fully paid the debt to GSB's attorneys.  And although the FCRA does not provide a cause of action merely for reporting inaccurate information, the FCRA imposes a duty on furnishers not to report information the furnisher knows is inaccurate.  According to GSB's argument, it is insufficient to allege that GSB investigated, learned that the information was inaccurate, and still reported the information to the credit agencies.  But if GSB ignored the information it received during its investigation, its investigation would likely be per se unreasonable.  Indeed, the FCRA provides "if the investigation finds that the information is incomplete or inaccurate, [the furnisher must] report those results to all other consumer reporting agencies . . . ."  15 U.S.C. § 1681s-2(b)(1)(D).  Should Bondi have evidence demonstrating that GSB continued to report information it knew was inaccurate, Bondi could establish his FCRA claim.

Finally, GSB argues that Bondi has not, and cannot, plead sufficient facts to establish his damages.  According to GSB, because Bondi filed for bankruptcy and defaulted on his mortgage, his credit rating was bad and anything GSB did or did not do would not make Bondi's credit any worse.   GSB contends that the harm Bondi alleges was caused not by GSB's actions but by Bondi's bad credit history.

GSB's argument on damages may well sway a jury, but at this stage, the Court must take Bondi's allegations as true.  He has sufficiently stated a claim for damages.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** GSB's Motion to Dismiss (Docket No. 22) is **DENIED**.

Dated: March 9, 2017

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge
