UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael A. Bondi,                                    Case No. 16-cv-1282 (PAM/BRT)

           Plaintiff,

v.                                                   **MEMORANDUM AND ORDER**

Great Southern Bank,
Experian Information Solutions,
Inc., and Evans & Green LLP,

           Defendants.

---

This matter is before the Court on Plaintiff Michael Bondi's Motion to Dismiss Defendant Great Southern Bank's Counterclaim. For the following reasons, the Motion is denied.

**BACKGROUND**

The facts of this matter are more fully set forth in the Court's Order on Defendant's Motion to Dismiss. (Docket No. 41.) Briefly, Plaintiff Michael Bondi defaulted on his home mortgage in 2012. Defendant Great Southern Bank ("GSB") eventually agreed that Bondi would pay the bank a quarter of the outstanding debt to settle the debt, and the parties executed a settlement agreement to that effect. Bondi made the payments to the bank's attorneys and the attorneys sent Bondi a letter in August 2015 saying that the debt had been paid off. (Am. Compl. Ex. 2.)

Bondi contacted credit agencies in January 2016 to ask why they were still reporting that he had an outstanding balance with GSB. (Id. ¶ 38.) The credit agencies

in turn contacted GSB, which reported that Bondi had a balance of more than $54,000 and that he had not made a payment since January 1, 2012. (Id. ¶ 42.)

The Amended Complaint contends that GSB violated the Fair Credit Reporting Act ("FCRA"), 16 U.S.C. § 1681s-2(b), by failing to conduct a reasonable investigation and failing to update or remove the inaccurate information from Bondi's credit report.

GSB brought a breach-of-contract counterclaim against Bondi, contending that Bondi's payments to the attorneys breached the parties' settlement agreement. (Countercl. (Docket No. 44) ¶¶ 27-34.) Specifically, GSB alleges that the agreement discharging Bondi's debt required Bondi to make payments payable to GSB and send those payments to GSB's lawyers, Defendant Evans & Green. (Id. ¶ 28.) Bondi, however, made his checks payable to Evans & Green and sent them to the law firm.[1] GSB contends that it has suffered damages as a result of the breach, in the form of the attorney's fees it has expended in defending the instant lawsuit. (Id. ¶ 33.) In the alternative, GSB seeks rescission of the settlement agreement. (Id. ¶ 34.)

**DISCUSSION**

Bondi contends that GSB's Counterclaim must be dismissed because it is not a compulsory counterclaim and the Court should decline to exercise supplemental jurisdiction over it.

But the Counterclaim is a compulsory counterclaim. Rule 13(a) provides that a party "shall state as a counterclaim any claim . . . [that] arises out of the same transaction

---

[1] The Counterclaim alleges that "Mr. Bondi breached this term of the agreement when it instead made its payments payable to GSB." (Id. ¶ 29.) This is obviously a typographical error.

2

or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). GSB's Counterclaim arises out of the same occurrence as Bondi's FCRA claim, namely Bondi's payments toward his settlement with GSB and the reasons GSB might not have had a record of those payments when it reported information to credit reporting agencies.

And even if the Counterclaim is not a compulsory counterclaim, it satisfies the requirements for supplemental jurisdiction. "[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). The Counterclaim forms part of the same case or controversy, because it shares a "common nucleus of operative fact" with Bondi's claims. Hunt v. Up North Plastics, Inc., 980 F. Supp. 1042, 1045 (D. Minn. 1997) (Tunheim, J.). Indeed, supplemental jurisdiction is appropriate if there is some "discernible overlap" between the claims. Id. Given that GSB's main defense is that it did not know about at least one of Bondi's payments because he made the payment payable to the law firm rather than GSB, there is more than some discernible overlap between the Counterclaim and Bondi's claims.

Bondi argues that allowing counterclaims such as this will have a chilling effect on FCRA litigation. This argument is overstated and unpersuasive. This is not a case where a debt collector seeks to raise permissive counterclaims for the underlying debt, creating a powerful disincentive for a consumer bringing a Fair Debt Collection Practices Act claim. E.g., Graf v. Pinnacle Asset Grp., LLC, No. 14cv1822, 2015 WL 632180, at *7-8 (D. Minn. Feb. 12, 2015) (Nelson, J., adopting Report and Recommendation of Rau,

M.J.). GSB's Counterclaim is directly tied to the facts alleged and is, as a practical matter, inseparable from the claims and defenses at issue.

**CONCLUSION**

The Counterclaim is appropriately brought as either a compulsory counterclaim or under the Court's supplemental jurisdiction. Accordingly, **IT IS HEREBY ORDERED that** Plaintiff's Motion to Dismiss (Docket No. 53) is **DENIED**.

Dated: May 30, 2017

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge
